## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SYLVIA CRUZ, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO.: _____ |
| | ) |
| v. | ) |
| | ) |
| D F STAUFFER BISCUIT CO., INC., | ) **JURY TRIAL DEMANDED** |
| d/b/a STAUFFER BISCUIT COMPANY | ) |
| | ) |
| Defendant. | ) *ELECTRONICALLY FILED* |
| | ) |

## COMPLAINT

Plaintiff, SYLVIA CRUZ, a resident of Kings County, New York, by and through her attorneys, brings this civil action for damages against the above-named Defendant, D F STAUFFER BISCUIT CO., INC., d/b/a, STAUFFER BISCUIT COMPANY, demands a trial by jury, and complains and alleges as follows:

## THE PARTIES

1.     Plaintiff, Sylvia Cruz (hereinafter referred to as "Ms. Cruz" or "Plaintiff") is an adult individual who currently resides at 389 Chauncey Street, Apartment 3B, Brooklyn, Kings County, New York.

2.     Defendant, D F Stauffer Biscuit Co., Inc., d/b/a Stauffer Biscuit Company (hereinafter referred to as "Stauffer's" or "Defendant"), is a Pennsylvania business corporation with its corporate headquarters located at 360 South Belmont Street, York, York County, Pennsylvania.

## JURISDICTION AND VENUE

3.     This Complaint alleges illegal harassment/discrimination on the basis of Ms. Cruz's sex, as well as retaliation, all in violation of the laws and statutes of the United States of America, specifically, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000d *et seq*. ("Title VII").[1]

4.     This Honorable Court has jurisdiction of this matter, case, and controversy pursuant to 28 U.S.C. §§ 1331, 1343(a)(4), and 42 U.S.C. § 2000e-5(f).

5.     Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6.     Venue is proper in the Middle District of Pennsylvania pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to these claims occurred in this Judicial District.

## ADMINISTRATIVE PROCEEDINGS

7.     On or about October 13, 2018, Ms. Cruz filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission ("EEOC"), which was docketed as EEOC Charge 530-2019-00459, alleging sex discrimination and retaliation, and with instructions to cross-file with the Pennsylvania Human Relations Commission.

---

[1] Plaintiff intends to amend her Complaint in this matter to include state claims of discrimination/harassment and retaliation pursuant to the Pennsylvania Human Relations Act, 42 P.S. § 951, *et seq*., once these claims become ripe on or about October 13, 2019 (one year from their administrative filing date).

8.      Ms. Cruz has been advised of her individual right to bring a civil action by receiving a Dismissal and Notice of Rights from the EEOC, dated April 17, 2019.

9.      All necessary and appropriate administrative prerequisites to the filing of this action have occurred and been satisfied.

## STATEMENT OF FACTS

10.     Ms. Cruz was hired by Stauffer's in or about May of 2018.

11.     At the very inception of Ms. Cruz's employment, she was subjected to unwanted sexual touching and sexually intimidating behavior by her supervisor, Derrek (last name unknown).

12.     Specifically, Derrek purposefully moved his hand against Ms. Cruz's buttocks.

13.     Upon information and belief, this type of incident was apparently quite commonplace from Derrek towards female workers at Stauffer's; however, it was not requested by or welcomed by Sylvia.

14.     Immediately after the offensive sexual touching, Sylvia assertively told Derrek that his behavior was not welcome and had better never happen again.

15.     Derrek responded by saying that Ms. Cruz had better watch herself or he would have her terminated.

16.     Following this incident, and on the same day, Ms. Cruz reported what had occurred to Donna (last name unknown) in Human Resources at Stauffer's.

17.     Donna informed Ms. Cruz that she would look into the matter.

18.     Sylvia returned to her work only to be told later that same day by Donna that due to "disciplinary reasons," she was being terminated from her employment with Stauffer's.

19.     Sylvia had never been written up or disciplined while employed by Stauffer's.

20.     Consequently, Ms. Cruz suffered a wrongful termination from Stauffer's under the pretext of "disciplinary reasons," due to Stauffer's unwillingness to deal appropriately with Derrek's unlawful behavior towards Ms. Cruz in a way which would have enabled her to perform her job free from sexual discrimination/harassment and retaliation.

21.     Stauffer's retaliated against Ms. Cruz by denying her the same enjoyment of all benefits, privileges, terms, and conditions of the employment relationship as employees who had not complained about sexual harassment, in violation of Title VII.

22.     Stauffer's created, permitted, tolerated, encouraged, and fostered an environment in which sexual harassment was tolerated and in which retaliation for employees taking part in protected activity actively occurred.

23.    As a consequence of the sexual harassment and the retaliatory behavior by Stauffer's, Ms. Cruz was subjected to emotional distress, humiliation, ridicule, and a denial of all benefits, privileges, terms, and conditions of the contractual relationship between employer and employee, all of which manifested itself in mental and physical distress, injury, and damage.

24.    As a result of the hostile environment and retaliation, Ms. Cruz has suffered emotional distress and a loss of self-respect and confidence, and her standing in the community has been damaged.

## COUNT I

### TITLE VII VIOLATIONS
### SEXUAL HARASSMENT/DISCRIMINATION
### (Plaintiff v. Defendant)

25.    All prior paragraphs are incorporated herein as if set forth fully below.

26.    The acts of Defendant and its officers, agents, and employees manifesting and permitting this hostile environment included allowing Plaintiff's co-worker to sexually harass and assault her.

27.    As a consequence of the hostile environment supported and encouraged by Defendant's actions and failures to act, Plaintiff was subjected to emotional distress, humiliation, ridicule, and a negative effect on her work product and ability to fully and effectively perform her job duties and responsibilities, all of which manifested itself in mental distress, injury, and damage.

28.    As a result of the hostile environment, Ms. Cruz has suffered, and continues to suffer, emotional distress, a loss of self-respect and confidence, and has been subjected to great damage to her career and professional standing.

29.    The actions of Defendant set forth above constitute violations of Title VII.

WHEREFORE, Plaintiff, Sylvia Cruz, seeks damages against Defendant, D F Stauffer Biscuit Co., Inc. d/b/a Stauffer Biscuit Company, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

## COUNT II

### TITLE VII VIOLATIONS
### RETALIATION
### (Plaintiff v. Defendant)

30.    All prior paragraphs are incorporated herein as if set forth fully below.

31.    At all times relevant herein, Defendant acted by and through its agents, servants, and employees, to retaliate against Ms. Cruz by terminating her as a result of reporting sexual harassment, using the pretext of alleged "disciplinary reasons," in an attempt to justify her otherwise wrongful termination.

32.    The actions of Defendant set forth above constitute violations of Ms. Cruz's federal civil rights under Title VII.

33.     As a result of this retaliation, Ms. Cruz has suffered economic loss, emotional distress, and a loss of self-respect and confidence, and her standing in the community has been damaged.

WHEREFORE, Plaintiff, Sylvia Cruz, seeks damages against Defendant, D F Stauffer Biscuit Co., Inc. d/b/a Stauffer Biscuit Company, as set forth in the *Ad Damnum* clause of the instant Complaint, *infra*.

### *AD DAMNUM* CLAUSE/PRAYER FOR RELIEF

WHEREFORE, Plaintiff, Sylvia Cruz, prays that this Honorable Court enters judgment in her favor and against Defendant, D F Stauffer Biscuit Co., Inc. d/b/a Stauffer Biscuit Company, and that it enters an Order as follows:

a.     Defendant is to be permanently enjoined from harassing or retaliating against Ms. Cruz on the basis of her sex and/or any basis prohibited under applicable federal and state law;

b.     Defendant is to be prohibited from continuing to maintain its illegal policy, practice, or custom of harassing or retaliating against employees based on their sex and are to be ordered to promulgate an effective policy against such harassment and retaliation and to adhere thereto;

c.      Defendant is to compensate Ms. Cruz, reimburse Ms. Cruz, and to make Ms. Cruz whole for any and all pay and benefits she would have received had it not been for Defendant's illegal actions, including but not limited to back pay, front pay, salary, pay increases, bonuses, medical and other benefits, training, promotions, pension and seniority.   Ms. Cruz should be accorded those benefits illegally withheld from the date she first suffered harassment and retaliation at the hands of Defendant until the date of verdict;

d.      Ms. Cruz is to be awarded actual damages, as well as damages for the pain, suffering, and humiliation caused to her by Defendant's actions;

e.      Punitive damages as provided for under Title VII;

f.      Ms. Cruz is to be accorded any and all other equitable and legal relief as the Court deems just, proper, and appropriate;

g.      Ms. Cruz is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

h.      Any verdict in favor of Ms. Cruz is to be molded by the Court to maximize the financial recovery available to Ms. Cruz in light of the caps on certain damages set forth in applicable law;

i.   Ms. Cruz is to be granted such additional injunctive or other relief as she may request during the pendency of this action in an effort to ensure Defendant does not engage - or ceases engaging - in illegal retaliation against Ms. Cruz or other witnesses to this action; and

j.   The Court is to maintain jurisdiction of this action after verdict to ensure compliance with its Orders therein.

## **DEMAND FOR JURY**

Pursuant to Federal Rule of Civil Procedure 38(b) and otherwise, Ms. Cruz respectfully demands a trial by jury.

Respectfully submitted,

Weisberg Cummings, P.C.

May 22, 2019               /s/ Derrek W. Cummings
Date                       Derrek W. Cummings, Esquire
                           PA Bar I.D. #: 83286
                           dcummings@weisbergcummings.com

                           /s/ Larry A. Weisberg
                           Larry A. Weisberg, Esquire
                           PA Bar I.D. #: 83410
                           lweisberg@weisbergcummings.com

                           /s/ Stephen P. Gunther
                           Stephen P. Gunther, Esquire
                           PA Bar I.D. #: 324203
                           sgunther@weisbergcummings.com

                           /s/ Steve T. Mahan
                           Steve T. Mahan, Esquire
                           PA Bar I.D. #: 313550
                           smahan@weisbergcummings.com

                           2704 Commerce Drive, Suite B
                           Harrisburg, PA 17110
                           (717) 238-5707
                           (717) 233-8133 (FAX)

                           Counsel for Plaintiff